UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH SCHIFANO,

                Plaintiff,

v.                                  **DECISION AND ORDER**
                                        12-CV-484S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

       1.       Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated September 21, 2010, wherein the ALJ determined that Plaintiff was not disabled under section 216(i) and 223(d) of the Social Security Act. Plaintiff protectively filed an application for disability insurance benefits alleging that he became disabled beginning January 31, 2007. He thereafter modified his claim for disability to a closed period from January 31, 2007 to October 20, 2009. Plaintiff now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

       2.       On August 31, 2010, the ALJ held a hearing at which Plaintiff and a vocational expert testified. After consideration of the evidence, including Plaintiff's medical records, the ALJ denied Plaintiff's application for disability benefits. The Appeals Council denied Plaintiff's request for review on March 23, 2012, after receipt of additional evidence.[1] Plaintiff filed the current civil action challenging Defendant's final decision in this Court on May 23, 2012.

---

[1] The additional evidence is a single employer letter stating Plaintiff's last day of work in 2007. This letter was discussed at Plaintiff's hearing and requested by the ALJ. (R. 32-33, 147-49.)

1

3. Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on November 29, 2012. Plaintiff also moved for such judgment in his favor on December 6, 2012. This Court finds the matter fully briefed and oral argument unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible based on consideration of the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano*,* 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the

> [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff did not engage in substantial gainful activity during the period of alleged disability (R. 16);[2] (2) Plaintiff had the following severe impairments: "discogenic lumbar spine; status post intradiscal electrothermic therapy; and obesity," as well as non-severe impairments such as migraines (R. 16-17); (3) neither these impairments nor any combination of these impairments met or medically equaled a recognized disabling impairment under the regulations (R. 17); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain limitations (R. 17-21); and (5) although Plaintiff could not perform any of his past relevant work, he retained the ability to perform other jobs, such as mailroom clerk or cashier. (R. 21-22.)

---

[2] Citations to the administrative record will be designated as "R."

4

10. Plaintiff first contends that remand is required because the ALJ erred in determining that his migraine headaches were a non-severe impairment. (Pl's Mem of Law at 14-15, Docket No. 9.) An impairment is severe if it causes more than a *de minimus* limitation to a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c); Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). Plaintiff argues that the fact that he "had migraines during the closed period that occurred at least twice a week, lasting an hour, and required him to lie down and sleep afterwards," and received treatment for the same, is more than a *de minimus* limitation. (Pl's Mem of Law at 14; R. 37.) Plaintiff's medical records, however, establish that the migraine headaches were more limited in frequency. Although the alleged period of disability was from January 2007 to October 2009, he received treatment for his headaches in an approximately one-month period from mid-December 2007 to the beginning of January 2008. (R. 166-172.) Even at that time, Plaintiff was reporting "an overall improvement with a decrease in headaches." (R. 167.) By October 2008, Plaintiff was reporting that his headaches were "not really a problem" due to medication. (R. 339.) Accordingly, there is substantial evidence in the record to support the ALJ's determination that Plaintiff's migraines, considered alone, were not a durational impairment having more than a minimal impact on his ability to work during the alleged period of disability. (R. 17.)

Moreover, any error in the ALJ's finding that the migraines were a non-severe impairment would be harmless. Where a finding of a severe impairment is improperly omitted, the error may be deemed harmless where the disability analysis continues and the ALJ considers the omitted impairment in the RFC determination. Reices-Colon v. Astrue, – Fed. Appx. –, 2013 WL 1831669, *1 (2d Cir. May 2, 2013) (summary order); Ives

5

v. Colvin, No. 5:12-cv-471, 2013 WL 2120273, *2 (N.D.N.Y. May 15, 2013); see Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010). Here, the ALJ considered all symptoms, both severe and non-severe, in reaching the RFC determination. (R. 17, 20.)

11.   Plaintiff next contends that the ALJ failed to sufficiently develop the record by recontacting one of his treating physicians, Dr. Simmons. (Pl's Mem of Law at 16-18.) "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) (citing Echevarria v. Secretary of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)). This duty exists even where, as here, a claimant is represented by counsel. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999); Johnson v. Astrue, 811 F. Supp. 2d 618, 630 (E.D.N.Y. 2011); see 20 C.F.R. 404.1512(d) ("every reasonable effort to help you get medical reports from your own medical sources" will be made).

In his decision, the ALJ found that Dr. Simmons' stated opinion that Plaintiff was totally disabled from any work during the alleged period of disability was not entitled to controlling weight because that decision was reserved to the Commissioner. (R. 20.) Further, this opinion was not entitled to much weight because it was inconsistent with Dr. Simmons' own examination findings, as well as additional objective evidence in the record. (R. 20-21.) Plaintiff argues that the ALJ erred in failing to "recontact Dr. Simmons to find out why he indicated that the Plaintiff was totally disabled for all work during the closed period, and to clarify the discrepancies in prior disability determinations." (Pl's Mem of Law at 17-18.)

An ALJ is required to recontact a treating physician or other medical source where

the evidence is inadequate for the ALJ to determine whether a claimant is disabled. Perez, 77 F.3d at 47 (citing 20 C.F.R. § 404.1512(e)); Rockwood v. Astrue, 614 F. Supp. 2d 252, 279 (N.D.N.Y. 2009) (an ambiguous or incomplete record triggers a duty to develop the record). However, "[t]he fact that the record does not support the treating physician's opinion does not mean that there are administrative gaps in the record triggering a duty to recontact." Cichocki v. Astrue, No. 11-CV-755S, 2012 WL 3096428, *6 (W.D.N.Y. July 30, 2012); see Rebull v. Massanari, 240 F. Supp. 2d 265, 272 (S.D.N.Y. 2009). Here there is no allegation that the ALJ did not have a complete record of Plaintiff's treatment with Dr. Simmons, and the Court finds no gaps in the record. Further, there is substantial evidence in the record to support the ALJ's determination that Dr. Simmons' August 2010 opinion that Plaintiff was "totally disabled with regards to all work" throughout the almost three year period of alleged disability conflicts with this physician's own reports from that period. (R. 20-21, 389.) These reports reflect a total disability from Plaintiff's prior job as a truck driver, a conclusion with which the ALJ agreed, but only a temporary and limited disability with respect to all work, which appears to have resolved by February 2008. (R. 21, 334, 337, 377.) Resolution of this and any other inconsistencies in the record is an issue for the ALJ to resolve, inasmuch as "a credibility determination, in essence, would be rendered nugatory if, whenever a treating physician's stated opinion is found to be unsupported by the record, the ALJ were required to summon that physician to conform his opinion to the evidence." Rebull, 240 F. Supp. 2d at 273.

12. For the foregoing reasons, the Court concludes that the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is denied, and

7

Defendant's motion is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: May 25, 2013
       Buffalo, New York

                                          <u>/s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                        United States District Court